# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS EARL BAILEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-3263 |
| | : | |
| JESSE KIRSCH, M.D., *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                               **JULY 30, 2019**

Plaintiff Thomas Early Bailey, a prisoner incarcerated at the Berks County Jail, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, based on the conditions of his confinement. Bailey seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Bailey leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to amendment.

**I.    FACTS**

Bailey alleges that he is being forced to take phenobarbital twice a day for epilepsy even though he does not have epilepsy. It appears Bailey was told that he would be moved to the medical unit if he refused to take the medication. Bailey alleges that the phenobarbital affects his memory and has other side effects, including dependency. Bailey indicates that he has been taking phenobarbital "for years," but only recently began to experience side effects from the medication. (Compl. at 5-6.)[1]

The Complaint names Jesse Kirsh M.D. and Warden Janine Quigley as Defendants. Bailey seeks $500,000 from each Defendant.

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

## II. STANDARD OF REVIEW

The Court grants Bailey leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Bailey is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for

---

[2] However, as Bailey is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id*. (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*.

Bailey has not alleged facts explaining what any of the Defendants did or did not do to violate his rights. Although Kirsch is identified as a doctor, the Complaint does not indicate whether he prescribed Bailey's medication or if he is named as a Defendant for some other reason. In other words, Bailey has failed to allege facts explaining how the Defendants he named—Kirsch and Quigley—were involved in or responsible for medicating him with phenobarbital even though he allegedly does not require that medication. As a result, the Court will dismiss his Complaint because he has failed to state a claim against the Defendants.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Bailey's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will give Bailey an opportunity to file an amended complaint so he may cure the defects in his claims. An Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
_____
**GERALD A. MCHUGH, J.**