# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS EARL BAILEY, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 19-3263 |
| | : | |
| JESSE KIRSCH, M.D., | : | |
| | : | |
| Defendant. | : | |

**McHUGH, J.**                                                                                                           **FEBRUARY 6, 2020**

## MEMORANDUM

This is a *pro se* civil rights action brought by a prisoner against a prison doctor arising out of care rendered at Berks County Jail. Plaintiff contends that he is being forced to take a medication that he does not need, and that he is subject to disciplinary segregation if he refuses. Defendant physician moves to dismiss on both procedural and substantive grounds. Procedurally, he maintains that Plaintiff has failed to exhaust administrative remedies through the jail grievance system. This argument fails because Plaintiff has pled that he did in fact file a grievance followed by an appeal upon which no action has been taken. Under controlling precedent, whether this action is premature depends in large part upon the time limits governing the Jail's grievance process, an issue which Defendant fails to address in his motion. Substantively, Defendant contends that Plaintiff's Complaint fails to state a claim under the Fourteenth Amendment for denial of medical care because his claim represents nothing more than Plaintiff's disagreement with his treatment regimen. I cannot construe Plaintiff's claim so narrowly. Liberally construed, Plaintiff's claim is that he is being coerced to ingest a powerful medication for no justifiable reason, which could constitute an improper exercise of

governmental power upon a pretrial detainee. Dismissal at this initial stage is therefore improper.

## I. Factual Background

Plaintiff Thomas Earl Bailey, Jr., is a pretrial detainee being held in the Berks County Jail.[1] He sues under 42 U.S.C. § 1983 alleging that Defendant Jesse Kirsch is needlessly prescribing him phenobarbital, a drug used to treat and prevent seizures. Plaintiff avers that he is not epileptic and is suffering needless deleterious side effects due to the medication. He further alleges that he has been told by Defendant that he will be placed in disciplinary segregation if he does not continue with the drug regimen, such that he is being coerced to take the medication. Am. Compl. at 7, 11, ECF 11.

In his Motion to Dismiss, Defendant admits that Plaintiff filed a grievance, but contends his suit is barred under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e because his appeal of the grievance is still pending. Defendant further argues that Plaintiff cannot show that his professional opinion as to the appropriateness of administering phenobarbital meets the "deliberate indifference" standard required to satisfy a claim under the Eighth Amendment for cruel and unusual punishment with regard to medical care.

---

[1] Plaintiff checked both "pretrial detainee" and "convicted and sentenced state prisoner" boxes under prisoner status on his complaint cover page, but it appears that Plaintiff is a pretrial detainee based upon the Berks County Court of Common Please criminal docket sheets, which I may take judicial notice of. *See, e.g.*, Nos. CP-06-CR-005684-2018, CP-06-CR-005685-2018, CP-06-CR-0000551-2019. Full court summary available at https://ujsportal.pacourts.us/DocketSheets/CourtSummaryReport.ashx?docketNumber=CP-06-CR-0000551-2019&dnh=NlB8wLFl%2bRYOElaTDUqjKQ%3d%3d (last accessed Feb. 5, 2020). The Court may take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also United States ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 139 (E.D. Pa. 2012) ("On a motion to dismiss, courts take judicial notice of documents which are matters of public record.") (citation omitted).

## II. Standard of Review

In this Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Because Plaintiff is proceeding *pro se*, his pleadings must be liberally construed. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011).

## III. Discussion

### a. Plaintiff's action is not barred by the PLRA's exhaustion requirement because Defendant has not established that this suit is premature under the rules governing the Jail's grievance process

In order to pursue § 1983 claims in federal court, incarcerated plaintiffs must comply with the exhaustion requirements specified in the PLRA:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Plaintiffs must first avail themselves of the administrative grievance procedures extant within the correctional system they find themselves placed. The PLRA contemplates that a plaintiff may bring his federal claim into court only after he has pursued his grievance to the final stages of internal appellate review. *Spruill v. Gillis*, 372 F.3d 218, 227 (3d Cir. 2004) (noting that incarcerated plaintiffs "must nonetheless pursue the grievance process to its end before coming to federal court"). Defendant therefore argues that Plaintiff has not satisfied the PLRA's exhaustion requirement because he has not yet received a reply to his appeal, and thus has not reached the end of the jail's grievance process. In support of that argument, Defendant broadly contends that "[f]iling suit after not receiving a response within a month's time is clearly unacceptable under § 1997(e)." Def. Mot. to Dismiss at 5, ECF 17-1. As an initial matter, it is not clear to me that Defendant is factually correct as to the timeline of

events.  Furthermore, whether a lawsuit is premature depends in the first instance upon the rules governing the grievance process, and Defendant has failed to address the rules governing Plaintiff's grievance here.

The Third Circuit has recognized that delay in resolving grievances can unfairly obstruct access to the courts, leading it to hold that the PLRA's exhaustion requirement is met at the moment corrections officials fail to respond to grievances or appeals within the deadline specified by relevant internal procedures.  The Court first addressed this issue in *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148 (3d Cir. 2016), and elaborated upon its analysis in *Shifflett v. Korszniak*, 934 F.3d 356 (3d Cir. 2019).  In *Shifflett*, an inmate suffering from complications related to an unsuccessful jaw surgery did not receive timely responses to the grievance appeals he filed regarding his alleged lack of medical treatment in prison.  The Court began by observing that the "PLRA requires what is known as 'proper exhaustion,' meaning that inmates must comply with the rules and procedures of prison administrative systems."  *Id.* at 364 (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)).  It further "held that these procedural requirements are drawn from the policies of the prison in question rather than from any free-standing federal law."  *Id.* (citing *Spruill*, 372 F.3d at 231).  These requirements only apply, however, when administrative remedies are actually available, and the *Shifflett* Court recognized that "[under] certain circumstances, a nominally extant prison grievance policy is not truly an 'available' remedy," particularly when, *inter alia*, "the procedure 'operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates.'" *Id.* at 365 (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

The appellant in *Shifflett* argued that the prison's failure to respond to his administrative appeals in a timely manner rendered them unavailable, and the Court accepted his argument.

4

Building on *Robinson*, the Third Circuit endorsed the appellant's argument, noting the asymmetry that would otherwise result:

> The PLRA requires that prisoners comply with the procedural demands of a system created by their jailors. No less must prisons comply with the demands of the system they created. Hence we hold that as soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable and the prisoner has fully discharged the PLRA's exhaustion requirement.

*Shifflett*, 934 F.3d at 365 (citing *Robinson*, 831 F.3d 148).

In his original Complaint, Plaintiff alleged that he filed a grievance but received no response. Compl. at 4, ECF 1. In his Amended Complaint filed after transfer to this district, Plaintiff contends that he filed multiple grievances regarding his phenobarbital prescription but has only received a response to one. Am. Compl. at 6-7. He further alleges that he filed an appeal based on the denial of that grievance without receiving a response. *Id.* at 7. Although Defendant claims this suit was filed before the grievance procedure ran its course, his motion fails to address the rules governing inmate grievances. Independently, the Court has determined that the Berks County Jail Inmate Handbook requires the Jail to respond to grievances within 15 days, with an extension of an additional 10 days if notice is given to the inmate.[2] It does not specify the period within which an appeal must be resolved. The Pennsylvania Department of Corrections has a similar timeline for grievances in state institutions, but further specifies that appeals must be resolved within 15 working days from the date they are filed.[3]

---

[2] Berks County Jail Inmate Handbook § 10.8 at 52, *available at* http://www.co.berks.pa.us/Dept/Jail/Documents/INMATE%20HANDBOOK%202016%20-%20PDF%20version%2004-01-16.pdf (last accessed Feb. 5, 2020).

[3] *Inmate Grievance System—DC-ADM 804*, Pa. Dep't. of Corr. (May 1, 2015) ("DC-ADM 804"), *available at* https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/804%20Inmate%20Grievances.pdf (last accessed Feb. 5, 2020).

The defense bears the burden of establishing that Plaintiff did not allow the grievance process to run its course. Its argument here is conclusory at best. As a factual matter, the timeline is not as clear as Defendant contends. As a legal matter, without clarity as to the time within which the Jail was required to act, I cannot conclude that the Complaint is premature. Even assuming as Defendant suggests that only 30 days elapsed from when Plaintiff grieved to when he filed suit, given that the Jail was, according to its own procedures, required to rule on the initial grievance within fifteen days, this action would in fact be timely if a similar 15-day limit applied to the resolution of Plaintiff's appeal.

The principle at the heart of *Shifflett* is that grievance procedures must be meaningfully available to prisoners, which includes resolution within a reasonable period of time. Where a prisoner pleads that he has grieved and appealed without response, a district court is not in a position to conclude that his suit is premature if the record is lacking as to the rules that govern the grievance process. In that regard, it bears mention that Plaintiff's Amended Complaint was filed in July 2019 and Defendant's Motion to Dismiss in December 2019, but the motion is silent as to whether the appeal was still pending some five months later.

b. **Plaintiff pleads a Fourteenth Amendment Due Process violation sufficient to survive Defendant's Motion to Dismiss**

Plaintiff has brought a § 1983 claim of "inhumane treatment of an inmate" and "cruel and unusual punishment or treatment of an inmate" related to Defendant's prescription of phenobarbital, as well as Defendant's warning that Plaintiff will be transferred to restrictive housing if he did not continue taking the medication. Pretrial detainees are "entitled to greater constitutional protection than that provided by the Eighth Amendment." *Hubbard v. Taylor*, 399 F.3d 150, 167 n.34 (3d Cir. 2005). As Plaintiff is a pretrial detainee, his claims are properly analyzed under the Fourteenth Amendment, rather than the Eighth Amendment, which bars "any

form of punishment at all" from being imposed upon pretrial detainees, and Plaintiff should be understood as asserting a violation of his Fourteenth Amendment substantive due process right to be free from punishment. *Bell v. Wolfish*, 441 U.S. 520, 579-80 (1979); *see also Davis v. City of Philadelphia*, 284 F. Supp. 3d 744, 751 (E.D. Pa. 2018).

Defendant characterizes the dispute as a disagreement over medical care between patient and doctor, which would not give rise to a constitutional claim. *United States ex rel. Walker v. Fayette County*, 599 F.2d 573, 575 n.2 (3d Cir. 1979). But Plaintiff does not plead denial of medical care or inadequate medical care in the ordinary sense that such claims arise; rather, he pleads in more fundamental terms that he simply does not suffer from any medical condition that warrants phenobarbital, which is causing him "dizziness, tremors, headaches and memory" loss. Am. Compl. at 5. For the purposes of this motion, I will take judicial notice that phenobarbital is a powerful barbiturate with significant potential side effects, including an increased risk of suicide.[4] A prisoner's claim that he is needlessly being forced to take a powerful medication with significant side effects under pain of disciplinary segregation for a condition from which he does not suffer implicates core liberty interests of the Fourteenth Amendment in a unique way. "The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539 (1974).

A fuller record may well reveal the medical basis upon which Defendant believes use of phenobarbital is warranted. The dismissive and at times strident tone of the motion suggests that

---

[4] *See* Prescribers' Digital Reference summary for phenobarbital, *available at* https://www.pdr.net/drug-summary/Phenobarbital-Tablets--15-mg--30-mg--60-mg--100-mg--phenobarbital-861.3876 (last accessed Feb. 5, 2020).

there may be substantial evidence that rebuts Plaintiff's allegations.[5] But keeping in mind the latitude afforded *pro se* litigants, dismissal at this stage would be improper.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss will be denied. An appropriate Order follows.

/s/ Gerald Austin McHugh  
Gerald Austin McHugh  
United States District Judge

---

[5] Defense counsel has also taken the unusual step of opposing Plaintiff's Motion for Appointment of Counsel, arguing that his inability to secure counsel on a contingent fee basis necessarily demonstrates that his claim is frivolous. ECF 21 at 3. Obviously, there are multiple explanations for the difficulty of an indigent, incarcerated plaintiff to secure counsel without the aid of the Court.